UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAMS CUT, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO: 24-2868 |
| HILCORP ENERGY COMPANY | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court are a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiffs Adams Cut, Inc., Tesvich Oyster Corporation, Grasshopper Oysters, Inc., Mitchell B. Jurisich, Jr., and Frank Jurisich, and an opposition thereto (Rec. Doc. 7) filed by Defendant Hilcorp Energy Company, to which Plaintiffs have replied (Rec. Doc. 8). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from alleged damage to the water bottoms of areas subject to four oyster leases. A collection of leaseholders, Plaintiffs contend work performed by Defendant harmed their oyster bedding areas. Filing their action in the 25th Judicial District Court for Plaquemines Parish, Plaintiffs demand damages resulting from the diminution in the value of the oyster leases and all costs, but not damage to their oyster crop itself.

Defendant timely removed the action, asserting diversity jurisdiction of 28 U.S.C. § 1332(a). Acknowledging that Louisiana plaintiffs may not plead a monetary value of their claim, Defendant contend the jurisdictional amount is facially apparent

1

from the petition. Plaintiffs now move to remand on the jurisdictional amount issue. Defendant opposes.

## **LEGAL STANDARD**

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). Federal district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

In analyzing a motion to remand, federal courts "consider the claims in the state court petition as they existed at the time of removal." *Id.* Because Louisiana law prohibits a plaintiff from claiming a specific dollar figure in his petition, La. Code Civ. Proc. Ann. art. 893, the Fifth Circuit has set forth a clear analytical framework for courts to follow when determining the amount in controversy for cases removed from Louisiana state courts. Where a state court petition does not specifically allege an amount of monetary damages, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant

may satisfy this burden by either (1) showing that the petition, on its face, makes it clear that the claim is likely to exceed $75,000 or (2) demonstrating facts that support the conclusion that the claim is likely to exceed $75,000. *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted). "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 436 (5th Cir. 2010) ("Such facts should be set forth either in the removal petition (the preferred method), or by subsequent affidavit."). Further, in assessment of jurisdictional evidence, a district court may conduct a hearing for factual development of removal grounds. *See Bell v. Taylor*, 509 F.2d 808, 810 (5th Cir. 1975). This evidence, moreover, may be submitted in response to the plaintiff or court's questioning of the jurisdictional amount. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Once a defendant has satisfied its burden, a plaintiff can defeat removal only if he can prove to a legal certainty that his claim is actually for an amount less than $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869–70 (5th Cir. 2002).

## **DISCUSSION**

Plaintiffs contend Defendant's conclusory assertions in its notice of removal are insufficient to prove by a preponderance of the evidence the jurisdictional amount. Specifically, Plaintiffs ague that the jurisdictional amount is not facially apparent from their state court petition and that Defendants cannot supply summary

3

judgment-type evidence to support the amount belatedly—as attached to their opposition to Plaintiffs' motion, and not to their Notice of Removal.

Plaintiffs are correct in the first instance: it is not facially apparent from their petition that claims likely exceed $75,000. Plaintiffs' make their claims for diminution of oyster bed value through a right of action established by Louisiana Revised Statute § 9:2800.14. In an attempt "to resolve 'turf wars' between oyster lessees and mineral lessees", Louisiana has produced a statutory scheme for the evaluation of damage claims. *Melerine v. Tom's Marine & Salvage, LLC*, 2020-00571 (La. 3/24/21), 315 So. 3d 806, 815; *see also* La. Stat. Ann. § 56:700.10 ("The purpose of this Part is to effect an equitable solution to the problem which will result in fair and predictable treatment to the oil and gas industry while assuring the oyster fishermen actual compensation for damages to their oyster beds due to mineral activities."). Through it, the Louisiana Oyster Lease Damage Evaluation Board ("OLDEB") provides claim assessment by means of "a uniform system of compensation for actual damages caused to the beds of leaseholders based on biological test data." La. Stat. Ann. § 56:700.10.

Collecting cases using the OLDEB methodology, Defendant insists a common-sense reading of the petition presents the jurisdictional amount as facially apparent. (Rec. Doc. 7-1 at 5 (damage valuations for eight plaintiffs ranging from $174,270 to $20,235,060)). In the same breath, however, Defendant acknowledges the petition "contains exceptionally limited fact pleading[,]" failing to describe the acreage leased, the acreage affected, or Defendant's alleged role in producing the asserted damages.

4

*Id.* at 2–3. From the petition, it is not facially apparent the jurisdictional amount is likely established. Put simply, the claim amount is ambiguous.

As its alternative argument for removal, Defendant contends pre-petition settlement demand letters provide summary judgment-type evidence to establish the jurisdictional amount. Indeed, Plaintiffs' settlement demands—based on calculations by retained experts using OLDEB methodology—far outstrip the jurisdictional amount in two of the oyster leases. In response, Plaintiffs do not question the veracity of the demands or amounts therein. Instead, Plaintiffs insist Defendant's evidence arrives too late: "Hilcorp failed to meet its burden of proof at the time of removal, when Hilcorp failed to attach such evidence to its Notice of Removal." (Rec. Doc. 8 at 1 (emphasis omitted)). Based on the insufficient evidence at the time of removal, Plaintiffs conclude remand is demanded.

Plaintiffs are mistaken in their restrictive reading of the removal procedure. In applying the removal statutes, courts assess "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. This reference to "the time of removal" focuses on the claims asserted at that time, not the fully articulated factual support of those claims. *See 'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (where jurisdictional amount ambiguities persist and subsequent summary judgment-type evidence is produced "the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court

5

is considering information submitted after removal"); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[S]uch ambiguity would permit the Court to consider the post-removal stipulation to the extent it relates to the jurisdictional facts at the time of removal."). Although it is preferrable for a removing defendant to present its evidence within the notice of removal, the jurisdictional support may be presented "by subsequent affidavit", *Ditcharo*, 376 F. App'x at 436, through factual development at a removal hearing, *Bell*, 509 F.2d at 810, or plainest still, in response to the court's post-removal questioning, *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. In *Dart*, the Supreme Court clarified that post-removal evidence is properly considered in response to a jurisdictional amount challenge: "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. Plaintiffs leave *Dart* unmentioned.

Plaintiffs also avoid various examples from this circuit where post-removal, summary judgment-type submissions were considered as to the amount in controversy. *See, e.g., Moore v. Louisiana Generating, LLC*, No. 09-789, 2010 WL 565383, at *3 (M.D. La. Feb. 17, 2010) (discovery disclosures); *Matthews v. Allen*, No. 22-452, 2022 WL 18715974, at *3 (M.D. La. Dec. 27, 2022), *report and recommendation adopted*, No. 22-452, 2023 WL 2002041 (M.D. La. Feb. 14, 2023); *Steed v. Chubb Nat'l Ins. Co.*, No. 15-6511, 2016 WL 403837, at *2 (E.D. La. Feb. 3,

6

2016) (Barbier, J.) (medical records). Further absent in Plaintiff's briefing is any circuit caselaw refusing to consider such evidence in response to a motion to remand. The Court knows of none.

Defendant's submission of Plaintiff's settlement demand letters demonstrates facts that support the conclusion that this claim is likely to exceed $75,000. As Defendant has satisfied its burden, removal would only be proper if Plaintiffs prove to a legal certainty their claims are actually for an amount less than $75,000. *See Grant*, 309 F.3d at 869–70. Plaintiffs make no such attempt. With federal jurisdiction present, remand is inappropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 5)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of January, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE